This bill is filed to compel the defendant to re-transfer to the complainant a bond and mortgage and certain cash which had been transferred to her by the decedent, Johanna Roosma, during her lifetime. At the time of the transfers *Page 62 
by the decedent she was about eighty years old, and, practically, blind. She was also physically incapacitated by reason of falls which had resulted in fractures of her arm and hip.
The complainant contends that these two items of property were taken by the defendant from the decedent, without adequate consideration, and without a full understanding by the decedent of her acts in this respect; or that if genuine at all, were acts of improvidence on the part of the decedent, who was then an aged and infirm person, and who acted without any independent advice. Complainant also asserts that the assignment of the mortgage was prepared by a son of the defendant, and that the name of the decedent, and the words "her mark" were signed to the instrument by defendant's husband, who also acted as a witness to the signature and mark. It was dated September 16th, 1921, but was not acknowledged until September 29th, 1921. The notary public who took the acknowledgment was not an attorney, nor was he in any way consulted by the decedent with respect to the matter, nor did he in any way advise her about it. He had never met the decedent before the time of the acknowledgment, and took the acknowledgment in a merely perfunctory manner. He was present not more than ten minutes. His services were engaged by defendant's husband; and the only person present, at the acknowledgment, besides himself and the decedent, was the defendant herself. He thinks that he handed the assignment to the defendant after the acknowledgment was taken. The instrument was not signed in his presence, and it is not shown how long it had been signed before the acknowledgment was taken.
The check, by which the entire balance of decedent's account was withdrawn from the bank and put to the credit of the defendant, was also prepared by defendant's son, except the amount thereof, which was inserted in the check by defendant's husband. The defendant's son also signed decedent's name to the check and wrote the words "her mark" upon it, and acted as a witness to it. The check was prepared at the defendant's house, but it does not appear that anyone was present when the check was signed, except the defendant's son, who acted as witness. *Page 63 
Nowhere in the case does it appear that decedent received any independent advice with regard to the transactions mentioned, or of the effect thereof upon her. The interest accruing upon the mortgage continued to be paid to the decedent after the assignment to the defendant. It also appears that the decedent did not clearly understand English, and one witness states that she preferred to talk "Holland." There is evidence to the effect that the decedent desired the defendant to have the property, bcause defendant was taking care of her and paying her bills, and treating her kindly; and defendant asserts that all the money transferred to her from the decedent's bank account was used to pay for the care, nursing and medical attention of the decedent. The amount of cash transferred from the decedent's account was $291.35, and the mortgage was for $2,500.
It seems to be settled law in this state that under circumstances such as appear in this case a transfer of this character, in the absence of independent advice to an aged and infirm person, to one standing in a relation of trust and confidence, cannot be sustained. Reeves v. White, 84 N.J. Eq. 661; Post v. Hagan, 71 N.J. Eq. 234; Slack v. Rees, 66 N.J. Eq. 447; White v. White, 60 N.J. Eq. 104; Voorhees v.Christie, 96 N.J. Eq. 337.
I am therefore constrained to advise a decree in favor of the complainant for the reasons indicated. However, it seems to me that the defendant is entitled to be fairly compensated for her services to the decedent, upon competent proof thereof being submitted; but, of course, under the issues presented by the pleadings, it does not seem to be within my province to direct an accounting. It may be that counsel will desire to amend; and, if so, application may be made to that end on the settlement of the decree.
I will advise a decree in accordance with these views. *Page 64